El Juez Negrón Soto
disiente con opinión separada. Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*643 ESCOLIOS 96DTA161
1. Es menester señalar que el Dr. Rodríguez Vélez indicó que la deuda que se le imputaba no era suya, sino de Hato Rey Medical Center, Inc., anterior titular de su oficina. Alegó, además, que así lo reconoció un representante de dicha entidad corporativa en reunión que sostuvieran conjuntamente con el Presidente de la Junta de Condominos del Cond. Medical Pavilion, Dr. Mitchel Sánchez del Valle, pero que necesitaba tiempo para corroborar la misma. Sostiene dicho facultativo que las partes acordaron en la reunión no interrumpir el sistema eléctrico hasta tanto se aclarara el asunto.
2. E.L.A. v. Great Amer. Ins. Co., 106 D.P.R. 825, 829 (1978); San Vicente v. Junta Azucarera, 78 D.P.R. 799 (1955).
3. Nuestro Tribunal Supremo resolvió que el adquiriente en pública subasta de un apartamento sujeto a propiedad horizontal es responsable por las cuotas de mantenimiento adeudadas por un dueño anterior, Asoc. de Condominos v. Naveira, 106 D.P.R. 88 (1977); además, decretó la nulidad de la cesión de los cánones de arrendamiento hecha por el titular de ciertos apartamentos a varios bancos acreedores cuando existe sobre dichos cánones un crédito preferente de la Asociación de Condominos por concepto de gastos de mantenimiento, Asoc. de Condominos v. Seguros Arana, 106 D.P.R. 133 (1977). En Asoc. de Condominos v. Centro I, Inc., 106 D.P.R. 185 (1977), dicha superioridad declaró la ineficacia de la cesión que hizo el titular de ciertos apartamentos a un banco acreedor, de aquella parte de los cánones cedidos que era necesaria para cubrir las cuotas de mantenimiento. Por otro lado, en Maldonado v. Consejo de Titulares, 111 D.P.R. 427 (1981), se sostuvo la validez del Consejo de Titulares de un inmueble sometido al régimen de propiedad horizontal de suspender los servicios de agua potable a un condomino moroso en el pago de sus cuotas de mantenimiento.
4. La regla 36.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill R. 36, requiere que las declaraciones juradas para sostener u oponerse a una moción de sentencia sumaria se basen en el conocimiento personal del declarante.
5. Dos de los médicos demandantes indican en sus respectivas declaraciones juradas que acordaron por vía telefónica un plan de pago con un ejecutivo de cuentas de la corporación A.A.A. Property Managers, Inc. Otro de los galenos da a entender que acordó un plan de pago con el propio Dr. Mitchel Sánchez.
6. Titulado: Decisiones judiciales; impugnación de acuerdos y determinaciones del Consejo de Titulares, término, el artículo 42 de la Ley de Propiedad Horizontal, 31 L.P.R.A. see. 1293 f, en su parte pertinente reza como sigue:

"La acción de impugnación de acuerdos y determinaciones que el titular estimase gravemente perjudiciales para él o para la comunidad de titulares deberá ejercitarse dentro de los treinta (30) días siguientes a la fecha en que se tomó dicho acuerdo o determinación, así se hizo en su presencia, o dentro de los (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación. Si se tratare de una actuación u omisión perjudicial, el plazo para ejercitar la acción de impugnación será dentro de los treinta (30) días siguientes a la fecha en que el titular tenga conocimiento de tal actuación u omisión perjudicial."